UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
EAU CLAIRE DIVISION

**RYAN THOMAS,**
        **Plaintiff,**

v.     Case No. 23-CV- 413

**TOWNLINE MARKET, LLC, AND**
**DAVID J. JAGLER,**
        **Defendants.**

## COMPLAINT

### JURISDICTION AND VENUE

1.  The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

2.  Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### PARTIES

3.  Plaintiff Ryan Thomas ("Plaintiff") is an adult resident of Marathon County in the State of Wisconsin.

4. Defendant TownLine Market, LLC, is a domestic limited liability company with its principal place of business in at 1400 Bent Stick Drive, Wausau, Wisconsin, 54403.

5. Defendant TownLine Market, LLC, operates a deli, grocery store, and market named Townline Market at 916 Townline Road, Wausau, Wisconsin, 54403.

6. On information and belief, Defendant TownLine Market, LLC, does $500,000 or more in business annually.

7. Defendant TownLine Market, LLC's registered agent for service of process in the State of Wisconsin is Defendant David J. Jagler located at 1400 Bent Stick Drive, Wausau, Wisconsin, 54403.

8. Defendant David J. Jagler is an adult resident of Wisconsin. On information and belief, Defendant Jagler owns TownLine Market, LLC. As such, Defendant Jagler acted directly or indirectly in the interest of TownLine Market, LLC in relation to Plaintiff.

9. TownLine Market, LLC and Defendant Jagler were joint employers of Plaintiff and will be collectively referred to herein as "Defendants."

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendants as a butcher from in or around June 2021 through in or around May 2023.

11. Defendants agreed to pay Plaintiff $19.00 per hour for each hour worked at the onset of Plaintiff's employment with Defendants.

12. Defendants gave Plaintiff a raise in his hourly rate of pay around Christmas of 2021, May of 2022, and August or September of 2022. Plaintiff's most recent rate of pay was $23.00 per hour.

13. Defendant Jagler informed Plaintiff that Defendants do not pay overtime premium compensation.

14. Plaintiff regularly and consistently worked more than forty hours per workweek.

15. During the Spring of 2023, Plaintiff worked the 54, 55, 45.5, and 53.5 hours in various workweeks.

16. Despite working more than forty hours per week, Defendants failed to pay Plaintiff overtime premium compensation for each hour over forty in a workweek. Rather, Defendants paid Plaintiff a flat hourly rate per hour.

17. Defendant Jagler had and continues to have control over the day-to-day operations of TownLine Market, LLC.

18. Defendant Jagler had and continues to have control over the human resources and compensation aspects of TownLine Market, LLC, including those compensation policies and practices alleged herein as they relate to Plaintiff.

19. Defendant Jagler determined the rates and methods of compensation for Plaintiff and determined that Plaintiff would not be paid overtime premium compensation when Plaintiff worked more than forty hours in a workweek.

**FIRST CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

20. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

21. Defendants were an enterprise engaged in commerce within in the meaning of 29 U.S.C. § 203(s)(1).

22. Defendants have been, and continue to be, employers within the meaning of 29 U.S.C. § 203(d).

23. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e).

24. The FLSA requires employers, including Defendants, to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

25. Plaintiff is not exempt from the overtime pay requirements of the FLSA.

26. Defendants did not pay Plaintiff overtime wages for work performed in excess of forty hours per week.

27. The foregoing practice violates the FLSA.

28. Defendants' violation of the FLSA was willful.

29. Plaintiff suffered wage loss because of this violation.

### SECOND CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE WISCONSIN LAW

30. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

31.     Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

32.     Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

33.     Wisconsin law requires employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

34.     Plaintiff is not exempt from the overtime pay requirements of Wisconsin law.

35.     Defendants did not pay Plaintiff overtime wages for work performed in excess of forty hours per week.

36.     The foregoing practice violates Wisconsin law.

37.     Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

38.     Plaintiff suffered wage loss because of this violation.

ACCORDINGLY, Plaintiff demands the following relief:

A.     Judgment against Defendants in an amount equal to unpaid wages at the applicable overtime rates owed to Plaintiff, as well as the damages Plaintiff suffered because of Defendants' failure.

B.     An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

C.   An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

D.   Such further relief as the Court deems just and equitable.

Dated this 20th day of June, 2023.

s/ Larry A. Johnson
Larry A. Johnson Bar Number 1056619
Connor J. Clegg Bar Number 1118534
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 North Port Washington Road, Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail: ljohnson@hq-law.com
          cclegg@hq-law.com
